GENOVESE, J.,
dissents and assigns the following reasons.
Lin this medical malpractice case, an adjudged non-joint tortfeasor, Dr. O’Donnell, filed an exception of prescription while this case was on appeal from a jury verdict finding him 100% at fault , on the basis that he was not timely sued after Ms. LeBouefs hysterectomy surgery resulted in a perforation of her bowel. We remanded the exception of prescription to the trial court for consideration and a ruling on the exception. The trial court found the doctrine of contra non valentem applicable and denied Defendant O’Donnell’s exception of prescription. Dr. O’Donnell appealed.
It is factually undisputed that Ms. Le-Bouef underwent a laparoscopic hysterectomy on July 18, 2003, by Dr. Chua. Ms. LeBouef experienced complications (a suspected bowel perforation), and thus another surgery was performed on July 20, 2003, again by Dr. Chua, but assisted by Dr. O’Donnell. No evidence of bowel perforation was found, but complications persisted. Hence, on July 25, 2003, a third surgery was performed, and it was performed by a Dr. Shimer.
Ms. LeBouef testified that she decided to pursue a medical malpractice claim “in the Spring of 2004.” She contacted an attorney on or about June 10, 2004. Her attorney obtained her medical records on June 23, 2004. Dr. Chua was Issued on July 1, 2004, alleging malpractice as a result of the July 18 and 20, 2003 surgeries.
In September of 2004, Ms. LeBouefs attorney hired a medical expert, Dr. Cruikshank. Dr. O’Donnell was not sued until November 1, 2005.
Thus, Ms. LeBouefs action against Dr. O’Donnell is prescribed “on its face”; therefore, she bears the burden of proving that her case has not prescribed. This, she failed to do. The jury found no liability on the part of Dr. Chua and found Dr. O’Donnell 100% at fault; hence, there is no interruption of prescription since there was no joint liability. Dr. O’Donnell was the only person found at fault, and his fault was found by the jury to be 100%.
The facts are that Ms. LeBouef failed to sue Dr. O’Donnell for some seventeen *1168 months after hiring an attorney and some fourteen months after hiring a medical expert. She had to have two additional surgeries within five days of the first surgery. Obviously, she was aware that something went wrong. A laparoscopic hysterectomy does not require three surgeries.
The jurisprudence states that “[prescription in a medical malpractice action commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort.” Campo v. Correa, 01-2707, pp. 11-12 (La.6/21/02), 828 So.2d 502, 510. “Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead.” Id. at 510-11.
In the case at bar, at least by the time Ms. LeBouef had hired an attorney, obtained her medical records, and her attorney had hired a medical expert, surely she had constructive knowledge of a tort (medical malpractice). Maybe she didn’t know precisely which physician was responsible for the medical malpractice, but even with three surgeries, it could have only been |sone or more of only four doctors. The issue is was it reasonable for Ms. LeBouef to only sue one physician. I think not. Having known of the perforation of her bowel as a result of having three surgeries for a routine laparoscopic hysterectomy, any reasonable person (going through such an ordeal), without a doubt, would or should have sued all surgeons involved in all three surgeries. A simple reading of the medical records would have revealed all of the surgeons involved, whether assisting or acting alone. Plaintiff only sued one of her four surgeons. Additionally, she failed to implement adequate discovery after suing Dr. Chua in order to adequately determine which surgeon or surgeons was/were at fault in perforating her bowel. In summary, she failed to make any reasonable inquiry in the matter.
I disagree with the majority opinion in this case. In my view, this case has prescribed according to La.R.S. 9:5628(A). I would reverse the trial court and grant Dr. O’Donnell’s exception of prescription.